**Opinion issued August 2, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00327-CR
_____

**ISAIAS FERNANDO SEVILLA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 984957**

---

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement with the State, appellant Isaias Fernando Sevilla pleaded guilty to the felony offense of indecency with a child by exposure. A grand jury returned a true bill of indictment against the appellant for the felony offense of aggravated sexual assault of a child. The plea-bargain in this

case entailed the reduction of the charge to indecency with a child by exposure in exchange for appellant's plea to the reduced charge, and an agreement that the prosecutor would recommend that the appellant be sentenced to confinement for two years in the Institutional Division of the Texas Department of Criminal Justice. *See Shankle v. State*, 119 S.W.3d 808, 813-14 (Tex. Crim. App. 2003). In accordance with the terms of appellant's plea agreement with the State, the trial court found appellant guilty of indecency with a child by exposure and sentenced appellant to confinement for two years. Appellant has filed a pro se notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal.[1] TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record

---

[1] A charge-bargain, like that entered into by the appellant and the State in this case, where the defendant agrees to plead guilty to a lesser or related offense in exchange for the prosecutor dismissing or refraining from bringing another charge, is a plea-bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle*, 119 S.W.3d at 813-14. Appellant's plea-bargain also included an agreement regarding sentencing.

supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).